DLD-125                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1529
_____

UNITED STATES OF AMERICA

v.

YAROSLAV CHURUK,
a/k/a Slavko, a/k/a Yaroslav Botsvynyuk,
                                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-10-cr-00159-005)
District Judge:  Honorable Paul S. Diamond

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 16, 2024
Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: June 12, 2024)
_____

OPINION*
_____

**PER CURIAM**

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Yaroslav Churuk, who is currently incarcerated at FCI Danbury in Connecticut, appeals pro se from the District Court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a motion for summary affirmance. We grant the Government's motion and will summarily affirm the District Court's judgment.

In March 2016, Churuk was sentenced to 20 years of incarceration for conspiracy to participate in a racketeering enterprise, based on his involvement in a human trafficking ring that smuggled Ukrainian citizens into the United States and forced them into involuntary servitude. The present appeal concerns Churuk's renewed motion for compassionate release filed on November 14, 2023. Churuk asserted that extraordinary and compelling circumstances warrant compassionate release, primarily because the Bureau of Prisons ("BOP") has provided poor medical treatment to address his serious health issues, which include mental health issues, diabetes, asthma, and chronic heart problems that have required multiple surgeries.[1] Churuk also emphasized his good behavior while incarcerated and the harsh conditions of confinement throughout the COVID-19 pandemic as additional factors supporting his early release from prison. The District Court denied Churuk's motion, finding that the medical conditions Churuk

---

[1] Churuk described his health conditions as "mental health issues, diabetes (Millitus Type II), asthma, organ failure, and severe heart problems (terminal illnesses)." See ECF No. 885 at 3. The Government lists Churuk's health conditions as "diabetes, hyperlipidemia, hypertension, depression, asthma, GERD, heart disease, anemia, metabolic encephalopathy, and peripheral neuropathy," and notes that he has had multiple heart surgeries (an angioplasty implant and graft in February 2021, and four stents inserted from 2019 through 2022). See ECF No. 887 at 9.

describes were the basis of his prior motions, and that its reasons for denying Churuk's prior motions remained unchanged. Churuk timely appealed. The Government has filed a motion for summary affirmance, and Churuk has opposed that motion.

We have jurisdiction under 28 U.S.C. § 1291, and we review the District Court's order for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached." Id. (internal quotation marks and alteration omitted). We may summarily affirm the District Court's order if an appeal presents no substantial question for our review. See 3d Cir. L.A.R. 27.4; IOP 10.6.

A district court may grant compassionate release and reduce a prisoner's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider any applicable sentencing factors set forth in 18 U.S.C. § 3553(a). See § 3582(c)(1)(A). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), as well as the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant," § 3553 (a)(2)(A)–(C).

We conclude that the District Court acted within its discretion in denying Churuk's § 3582(c)(1)(A) motion. The District Court concluded that Churuk did not

3

present circumstances that amounted to extraordinary and compelling reasons that justify compassionate release. Churuk's primary argument on appeal is that the District Court clearly erred by concluding that his medical conditions have not worsened since his previous motions for compassionate release were denied. Even if Churuk is correct that his conditions have worsened, the District Court more broadly found that "[t]here is no indication that the BOP has stopped treating his conditions *or* that they have worsened." See ECF No. 898 at 1 (emphasis added), and the record supports the District Court's finding that the BOP has not stopped treating Churuk's diagnosed health conditions.[2] Churuk's additional factors do not constitute extraordinary circumstances justifying his release, because Churuk's good time credit still puts him more than 7 years from release,[3] and Churuk has failed to explain how he was uniquely impacted by the harsh conditions that incarcerated people have suffered during the pandemic.

In any event, even if Churuk had presented extraordinary and compelling reasons that warrant compassionate release, we discern no abuse of discretion in the District

---

[2] For instance, Churuk notes that he did not receive a follow-up appointment with a cardiologist in 2022 or 2023, and the Government's discussion of Churuk's recent medical care does not refute that claim. See C.A. No. 6 at 2; ECF No. 887 at 11-12. However, medical records from 2023 indicate that the BOP's chronic illness team was aware of Churuk's history of surgeries, monitored and prescribed medication for his chronic complaints of chest pains, and performed multiple EKGs and at least one x-ray to detect possible heart abnormalities. Thus, we cannot conclude from this record that the BOP is unwilling or unable to treat Churuk.

[3] Based on the Government's representations, Churuk has now served almost 11 years and 3 months of his sentence, but his credit for good conduct would bring total time served up to about 12 years and 7 months.

4

Court's analysis of the sentencing factors under § 3553(a). The District Court accurately stated that Churuk's human trafficking offenses were "shocking and brutal," that nearly half of Churuk's sentence remained, and that Churuk incurred multiple disciplinary infractions while incarcerated.[4] In denying Churuk's first motion for compassionate relief, the District Court thoroughly reasoned that prematurely releasing Churuk would not adequately reflect the seriousness of Churuk's offense, promote respect for the law, provide just punishment, or sufficiently deter future criminality. See ECF No. 772 (describing Churuk's participation in a scheme that forced victims into "modern day slavery" with little food and poor housing, and controlled those who attempted to escape through rape, beatings, kidnappings, and threats to harm their family members). The District Court did not abuse its considerable discretion by assigning greater weight to the egregious nature of Churuk's offense than to Churuk's personal characteristics now, or by finding no reason to depart from its initial balancing of those factors in denying Churuk's renewed motion for compassionate release.

We have considered Churuk's arguments on appeal and conclude that they are meritless. Accordingly, because this appeal does not present a substantial question, we grant the Government's motion for summary action and will summarily affirm the District Court's judgment that Churuk is not entitled to compassionate release.

---

[4] According to the Government, Churuk's 12 recent misconducts have been relatively minor insubordinate acts, and he had no misconducts from 2016 to 2020, but two of his disciplinary infractions in 2014 or 2015 involved physical fights with other incarcerated people.